43 F.3d 1469
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald O. SHELTON, Defendant-Appellant.
 No. 93-5291.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 21, 1994.
Decided Nov. 10, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg. Charles H. Haden II, Chief District Judge. (CR-91-377-6)
 Herbert L. Hively, II, Bickley, Jacobs & Barkus, Charleston, W.V., for appellant.
 Michael W. Carey, U.S. Atty., Victoria B. Major, Asst. U.S. Atty., Charleston, W.V., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER and MURNAGHAN, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Following his guilty plea, Donald O. Shelton was convicted of conspiracy to distribute marijuana and five kilograms or more of cocaine. The district court determined that the enhanced penalty provision in 21 U.S.C.A. Sec. 841(b)(1)(A) (West Supp.1993) was applicable and sentenced Shelton to two hundred forty months in prison and a ten year term of supervised release. Arguing that Sec. 841(b)(1)(A) was inapplicable, Shelton appeals. We find his claims are meritless; consequently, we affirm.
 
 
 2
 On July 31, 1992, a grand jury returned a two count superseding indictment charging Shelton with (Count 1) conspiracy to possess with intent to distribute marijuana and five or more kilograms of cocaine, and (Count 2) attempted distribution of cocaine. Shelton entered a plea agreement with the government, pleading guilty to Count 1. Specifically, Count 1 charged that Shelton conspired with others to distribute cocaine and marijuana from around January 1987 to around July 1990 "at or near Ravenswood, Jackson County, West Virginia, and elsewhere."
 
 
 3
 Under the plea agreement, Shelton acknowledged a 1989 fourth degree felony conviction in New Mexico for possession with intent to distribute marijuana. The agreement also stated that if the district court found that Shelton committed the offense charged in Count 1 after committing the New Mexico crime, he would face a minimum prison term of twenty years pursuant to 21 U.S.C.A. Sec. 841(b)(1)(A). Shelton reserved the right to challenge the applicability of this enhanced penalty provision. The court accepted Shelton's guilty plea.
 
 
 4
 At his March 1993 sentencing hearing, Shelton argued that his New Mexico conviction was part of the conspiracy to which he was pleading guilty and therefore should not be used to enhance his sentence. He testified that he was involved in a drug trafficking scheme from 1987 to 1989 or 1990 and that his state conviction occurred when he was transporting marijuana through New Mexico on his way from Arizona to his usual distribution point in Millwood, West Virginia.*
 
 
 5
 The government, to prove that the state conviction was separate from the federal crime for sentencing purposes, presented three witnesses. Two of these witnesses were co-conspirators in Shelton's federal crime, but neither knew Scott Wooten, Shelton's co-conspirator in his state conviction. Neither had distributed drugs with Shelton in New Mexico, although one testified that she travelled through New Mexico from Arizona while delivering drugs to West Virginia for Shelton. The third witness was a West Virginia state police officer who investigated Shelton's drug activities from December 1988 until his arrest. He stated that the only time he heard Scott Wooten's name was in connection with the New Mexico arrest.
 
 
 6
 The district court concluded that the New Mexico conviction was a separate criminal episode for purposes of sentence enhancement. Consequently, although the court calculated Shelton's guideline range to be 135 to 168 months, a range Shelton does not challenge, the court imposed a twenty year prison term under 21 U.S.C.A. Sec. 841(b)(1)(A). Shelton timely appealed.
 
 
 7
 Under 21 U.S.C.A. Sec. 841(b)(1)(A)(ii)(I) (West Supp.1993), a person convicted of conspiracy to distribute five kilograms or more of cocaine:
 
 
 8
 shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life.... If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment. ...
 
 
 9
 (emphasis added). Shelton argues that his 1989 New Mexico conviction was not a "prior conviction" for purposes of Sec. 841(b)(1)(A).
 
 
 10
 A prior conviction should be used to enhance a current conviction under Sec. 841(b)(1)(A) only if the two crimes constitute separate criminal episodes rather than arise out of a single transaction. United States v. Blackwood, 913 F.2d 139, 145-46 (4th Cir.1990). In this case, the state and federal crimes were separate episodes. Shelton's 1989 state conviction involved the transportation of marijuana through New Mexico and ended with his arrest. The federal crime temporally overlaps the state crime in that it involves illegal drug activity from 1987 to 1990. However, as the government notes, it is separate and distinct from the New Mexico crime because it involves cocaine as well as marijuana, the state conviction involved conduct solely within New Mexico whereas New Mexico was only peripherally involved in the federal crime, and except for Shelton, the crimes involved different participants. Consequently, the district court's conclusion that the New Mexico conviction was a prior conviction for enhancement purposes under Sec. 841(b)(1)(A) was not clearly erroneous. See United States v. Hughes, 924 F.2d 1354, 1362 (6th Cir.1991).
 
 
 11
 For these reasons, we affirm Shelton's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 When he was arrested in New Mexico, Shelton told police that his final destination was Portsmouth, Ohio. At his sentencing hearing on the federal conviction, however, he claimed that his actual destination had been Millwood, West Virginia, and that he had lied during his New Mexico arrest to protect other people